# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT AGUIRRE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-02386-SAB (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.**

**SCREENING REQUIREMENT**

Plaintiff Albert Aguirre ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil action for violation of his rights under 42 U.S.C. § 1983 on December 23, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1 Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S EIGHTH AMENDMENT CLAIM

### A. Summary of Allegations

Plaintiff, who is currently incarcerated at Chuckawalla Valley State Prison in Blythe, California, brings this action against Warden James Yates, Associate Warden M. E. Spearman, Former Secretary of CDC J. Tilton, Assistant Warden Mattingly, Current Secretary of CDC Matthew Cate, and Assistant Secretary of CDC Susan Hubbard, for violating his rights under the Eighth Amendment of the United States Constitution while he was at Pleasant Valley State Prison ("PVSP") in Coalinga, California.

Plaintiff alleges that he was transferred to PVSP in October 2002. In the summer of 2008, while still housed in PVSP, Plaintiff contracted valley fever, an illness caused by the fungal spore coccidioidomycosis. Plaintiff alleges that he suffered from fevers, coughs, night sweats, dizzy spells, fatigue, lack of appetite, weight loss, and difficulty breathing. Medical staff at the prison eventually examined Plaintiff and diagnosed him with Valley Fever and pneumonia. Plaintiff received Diflucan medication to treat his symptoms. Although his health improved with the medication, Plaintiff did not fully recover from the Valley Fever. Plaintiff relapsed with Valley Fever symptoms shortly prior

1 to filing his current complaint on December 23, 2010. Plaintiff alleges that Valley Fever "ruined his life, health, and that [it] can reactivate at any time and potentially result in his early death."

Plaintiff alleges that Defendants were responsible for the safety, security, and overall well-being of all prisoners at PVSP, including Plaintiff. Plaintiff alleges that prisoners in PVSP had a Valley Fever infection rate that was 600 times greater than that of Fresno County's general population. Defendants knew or should have known that PVSP was located in a Valley Fever endemic area. In 2006, Plaintiff sent Defendants Yates, Spearman, Mattingly, and Tilton a memorandum reporting on the Valley Fever "malady" among the PVSP prisoner population. Defendants knew or should have known that Valley Fever posed an excessive risk to the health and safety of prisoners like Plaintiff. Defendants knew or should have known that the presence of Valley Fever at PVSP would have a high probability of infecting Plaintiff and causing him serious health risks and possibly even death.

### B. Legal Standard

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 678 ; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Further, liability may not be imposed under section 1983 against supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 678; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

///

### C.     Discussion

Plaintiff has not alleged the existence of a risk to his health or safety so substantial that it implicated the Eighth Amendment. Farmer, 511 U.S. at 834; Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). The mere existence of coccidioidomycosis spores in the soil around PVSP is not sufficient to support a claim of unconstitutionally grave conditions of confinement. No courts have held that exposure to coccidioidomycosis spores presents an excessive risk to inmate health. Further, Plaintiff's complaint lacks specific allegations supporting his claim that Defendants knowingly disregarded the alleged risk of harm to Plaintiff's health or safety. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. General allegations about the dangerous conditions at PVSP and the failure to protect Plaintiff from those conditions, or risks, are not sufficient to support an Eighth Amendment claim. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128. Due to the fact that Plaintiff may be able to cure the deficiencies in his claims, the Court will grant leave to amend.

### III.

### CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim for violation of the Eighth Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint curing these deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

"complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 16, 2013**

UNITED STATES MAGISTRATE JUDGE